UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DR. JAMES MURUNGI                                    CIVIL ACTION

VERSUS                                               NO. 05-5242

XAVIER UNIVERSITY OF LOUISIANA                       SECTION "C" (2)

ORDER AND REASONS

This matter comes before the Court on motion for summary judgment filed by the defendant, Xavier University of Louisiana ("Xavier"). Having considered the record, the memoranda of counsel and the law, the Court has determined that summary judgment is appropriate for the following reasons.

The plaintiff, Dr. James Murungi ("Murungi"), was employed at Xavier as an assistant professor. In his Complaint, he claims that he was wrongfully denied a renewal of his annual contract in 2005 and later discharged in violation of Title VII based on his race, sex or national origin. Specifically, he pleads that "[s]ave for Dr. Murungi, no other professor who received low student evaluations, complaints or

1

experienced difficulties at a clinical site were informed by Xavier they would be terminated or released." (Rec. Doc. 1, ¶ 9).

In this motion, the defendant argues for summary judgment on the undisputed facts that Murungi was advised in January 2005 that the Dean of the College of Pharmacy and the Chairman of the Division of Clinical and Administrative Sciences would not recommend him for promotion to associate professor because of student complaints, low student evaluations and problems with interaction with Dr. Marianne Billiter ("Billiter"), a member of the staff at Ochsner Hospital, which served as a clinical site for Xavier students. Xavier also provides evidence of low student evaluations being a recurring problem for Murungi dating back to 2002. In March 2005, Murungi was advised in writing by the Dean that he would not recommend a renewal of Murungi's annual contract with Xavier, effective for the 2006-2007 year, and that he would receive an official letter from the President by the end of the year. (Rec. Doc. 33, Exh. 2). It is also undisputed that Murungi's request for promotion was not considered by the Rank and Tenure Committee because of Hurricane Katrina. (Rec. Doc. 1, Exh. 7).

Xavier also presents evidence that all faculty contracts were terminated in October 2005 because of Hurricane Katrina, and that Murungi was advised in writing that "an engagement for your teaching service is not contemplated for the coming two

semesters." (Rec. Doc. 1, Exh. 8).  Murungi was not rehired.

Murungi opposes the motion based on the fact that other members of the former faculty of the College of Pharmacy were provided new agreements for a modified post-Katrina school year commencing in January 2006, and argues that he was the only faculty member within his division who did not receive their salary after the storm and who did not receive a replacement contract.  Murungi also argues that there were numerous faculty members within the division who also received poor student evaluations and were not terminated.  He describes student evaluations as "deeply imperfect tools" and a "weak measure of instructional quality."  (Rec. Doc. 49,Exh. B, ¶¶ 2 & 3).  With regard to the problems with Ochsner, Murungi presents letters from Ochsner personnel that are favorable .  He also states that the problem with Billiter is "sad, but not relevant." (Rec. Doc. 49, p. 5).   He finally argues that four faculty members sought promotion, and the three women were promoted while  Murungi was terminated and his contract was not renewed.[1]

**Summary judgment**

---

[1] There is no direct evidence that the plaintiff either filed a complaint with the Equal Employment Opportunity Commission ("EEOC") or that he received a right-to-sue letter prior to filing suit.  <u>Pacheco v. Mineta</u>, 448 F.3d 783 (5th Cir. 2006).  The defendant refers to a single EEOC charge filed prior to Hurricane Katrina.  (Rec. Doc. 40, p. 2).

A district court can grant a motion for summary judgment only when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c).  When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." Reid v. State Farm Mut. Auto. Ins. Co., 784 F.2d 577, 578 (5th Cir. 1986).  The court must find "[a] factual dispute ... [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party ... [and a] fact ... [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Technologies, Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing Celotex, 477 U.S. at 322-24). The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. See Anderson, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50.

**Racial discrimination**

Title VII prohibits an employer from "failing or refusing to hire or ... [from] discharging, or otherwise discriminating against an individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).  A plaintiff may prove discrimination under Title VII through direct or circumstantial evidence.  Nasti v. CIBA Specialty Chemicals Corp., 492 F.3d 589, 593 (5th Cir. 2007).

A case of discrimination using circumstantial evidence uses the burden shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), which requires that a plaintiff bears the initial burden to prove a *prima facie* case of discrimination by a preponderance of the evidence.  This requires a demonstration that the defendant belonged to a protected group, was qualified for the position, suffered an adverse employment action and was replaced with a similarly qualified person not a member of his group, or in the case of disparate treatment, that similarly situated employees were more favorably treated.  Nasti, 492 F.3d at 593; Johnson v. Louisiana, 351 F.3d 616, 621 (5th Cir. 2003); Laxton v. Gap Inc., 333 F.3d 572, 579  (5th Cir. 2003); Blow v. City of San Antonio, Texas, 236 F.3d 293, 296 (5th Cir. 2001).

The employer then bears the burden of articulating a legitimate, non-discriminatory reason for its action.  St. Mary's Honor Center. v. Hicks, 509 U.S. 502, 506-07 (1993); Nasti,

492 F.3d at 593. The defendant must state, "through the introduction of admissible evidence, reasons for its actions which, <u>if believed by the trier of fact</u>, would support a finding that the unlawful discrimination was not the cause of the employment action." <u>St. Mary's</u>, 509 U.S. at 507 (quoting <u>Texas Dep't of Cmty. Affairs v. Burdine</u>, 450 U.S. 248, 254-55 (1981)) (emphasis original).

If the defendant articulates such a reason, the presumptions of the framework dissipate and the focus shifts to the ultimate question: whether the plaintiff can prove that the defendant intentionally discriminated against the plaintiff. <u>Nasti</u>, 492 F.3d at 593. The plaintiff may show intentional discrimination by direct or circumstantial evidence of discriminatory intent. <u>Grimes v. Texas Dept. Of Mental Health & Mental Retardation</u>, 102 F.3d 137, 140-41 (5th Cir. 1996). This burden can be satisfied with evidence that the employer's reason is a pretext for discrimination, either through evidence of disparate treatment or by showing that the proffered explanation is false or unworthy of credence. <u>St. Mary's</u>, 509 U.S. at 511; <u>Nasti</u>, 492 F.3d at 593. The plaintiff may attempt to overcome the employer's proffered nondiscriminatory reason by providing evidence that the employer's legitimate, nondiscriminatory reason is merely pretextual.

The plaintiff "retains the ultimate burden of persuasion throughout the case." <u>Faruki v. Parsons S.I.P., Inc.</u>, 123 F.3d 315, 319 (5th Cir. 1997) (citing <u>Burdine</u>, 450 U.S. at 253). A plaintiff can meet his burden of demonstrating pretext and thereby establish a jury

issue to avoid summary judgment or judgment as a matter of law "if the evidence taken as a whole (1) creates a fact issue as to whether each of the employer's stated reasons was what actually motivated the employer and (2) creates a reasonable inference that [race, sex or national origin] was a determinative factor in the actions of which plaintiff complains." Vadie v. Mississippi State University, 218 F.3d 365, 374, fn 23 (5th Cir. 2000) (explaining that this analysis first formulated in Rhodes v. Guiberson Oil Tools, 75 F.3d 989, 994 (5th Cir.1996), survives the Supreme Court's abrogation of Rhodes in Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000)). A *prima facie* case and sufficient evidence of pretext would permit a court or jury to find unlawful discrimination, without additional independent evidence of discrimination, though such a showing will not always be adequate to sustain a jury's finding of liability. Reeves, 530 U.S. at 142-49.

The Court will assume for purposes of this motion that being forewarned of the impending lack of promotion and lack of renewal prior to the blanket termination of faculty contracts after Hurricane Katrina constitutes an "adverse employment action" for purposes of a claim under Title VII. There was a definitive action taken in October 2005, when all faculty contracts were terminated and the plaintiff advised that his contract would not be renewed.

Nevertheless, the Court finds that the plaintiff has not established a case of intentional discrimination based on race, sex or national origin under Title VII. First of all,

7

while plaintiff disparages the significance of student evaluations, Xavier's reliance upon them is within its discretion and not discriminatory.  In fact, the plaintiff's disdain for them only underscores Xavier's complaint that he failed to respond to the criticism in a constructive way.  Likewise, Murungi's harsh response to an apparent recurring criticism from Dr. Billiter at Ochsner emphasizes the same characteristics.  Even assuming that the three other professors who were rehired after Katrina suffer from poor student evaluations, were female, white and not Kenyan,  Murungi is apparently the only one who received such a harsh complaint from Ochsner and reacted to it in the way he did.  It undermines his ability to prove a *prima facie* case of discrimination or disparate treatment.

Even assuming that a *prima facie* showing has been made, Xavier has established, as noted above,  that the reasons for not promoting and not renewing Murungi both before and after the storm were legitimate and non-discriminatory based on undisputed facts. Finally, Murungi fails to present circumstantial or direct evidence of intentional discrimination sufficient to survive summary judgment.  In fact, on a number of points he claims he was the only member of the staff who was treated differently, implicitly acknowledging that the other black males on staff were not discriminated against. Xavier also presents unrebutted statistical evidence of its promotions during the 2004-2005 academic year which indicates that foreign-born black male faculty members who

were not treated in a disparate manner.  (Rec. Doc. 33, Exh. I, ¶¶ 5 & 6)

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by the defendant, Xavier University of Louisiana is GRANTED.  (Rec. Doc. 33).

New Orleans, Louisiana, this 25th  day of September, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE